1  Michael R. Reese (Cal. State Bar No. 206773)
   *mreese@reesellp.com*
2  **REESE LLP**
   100 West 93rd Street, 16th Floor
3  New York, New York 10025
   Telephone: (212) 643-0500
4  Facsimile: (212) 253-4272

5  George V. Granade (Cal. State Bar No. 316050)
   *ggranade@reesellp.com*
6  **REESE LLP**
   8484 Wilshire Boulevard, Suite 515
7  Los Angeles, California 90211
   Telephone: (310) 393-0070
8  Facsimile: (212) 253-4272

9  David C. Deal (admitted *pro hac vice*)
   *david@daviddeal.com*
10 **The Law Office of David C. Deal, P.L.C.**
   P.O. Box 1042
11 Crozet, Virginia 22932
   Telephone: (434) 233-2727
12
   *Counsel for Plaintiff Jonas Jodicke*
13

14            **UNITED STATES DISTRICT COURT**

15       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16  _____ :

17  JONAS JÖDICKE,                  : Case No.: 20-cv-7946-DMG-MRW
                                    :
18        Plaintiff,               : PLAINTIFF'S NOTICE OF MOTION
                                    : AND MOTION FOR AN ORDER
19  v.                              : ENTERING DEFAULT JUDGMENT;
                                    : PLAINTIFF'S MEMORANDUM
20                                  : OF POINTS AND AUTHORITIES
                                    : IN SUPPORT THEREOF
21  AARON CARTER,                   :
                                    :
22                                  :
                                    : Hearing Date: December 11, 2020
23                                  : Time:         9:30 a.m.
                                    : Judge:        Honorable Dolly M. Gee
24                                  : Courtroom:    8C, 8th Floor
                                    :               U.S. District Courthouse
25        Defendant.               :               350 West 1st Street
                                    :               Los Angeles, California
26                                  :
                                    :
27  _____ :

28

## NOTICE OF MOTION AND MOTION

TO DEFENDANT AARON CARTER:

PLEASE TAKE NOTICE THAT on December 11, 2020 at 9:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8C on the 8th Floor in the United States District Court for the Central District of California, located at the United States District Courthouse at 350 West 1st Street, Los Angeles, California 90012 before the Honorable Dolly M. Gee, Plaintiff Jonas Jödicke ("Plaintiff") will, and hereby does move for entry of a default judgment against defendant Aaron Carter pursuant to Federal Civil Procedure Rules 55(b) and 58(b); for an award of damages; for an injunction; and, for payment of attorney fees and costs.

This Motion is based on this motion and notice of motion, the memorandum of points and authorities in support thereof; the Declaration of Jonas Jödicke; the Declaration of David Deal; and, the Declaration of Michael Reese; the pleadings on file in this matter, and any further argument this Court may allow.

Dated: November 6, 2020                          Respectfully submitted,


                                                 */s/ Michael R. Reese*
                                                 Michael R. Reese

# **TABLE OF CONTENTS**

I.  STATEMENT OF FACTS ......................................................................1

II. PROCEDURAL HISTORY .................................................................5

III. ARGUMENT ........................................................................................6

    A. Jurisdiction, Venue, and Service ...................................................6

    B. Default Judgment is Warranted Against Carter.............................7

    C. *Eitel* Factors ..................................................................................8

       1.  All Causes of Action in the Complaint have Substantive Merit and
           Are Sufficiently Alleged (*Eitel* Factors 1 and 2)............................8

          a.  Carter Violated the Copyright Act, 17 U.S.C. § 501 ...............8

          b.  Jödicke Owns a Valid Copyright for the Work........................9

          c.  Carter Copied the Work ...........................................................9

          d.  Carter Violated the Copyright Act, 17 U.S.C. § 1202 ...........10

       2.  The Remaining *Eitel* Factors Support Entry of Default Judgment
           (*Eitel* Factors 3 and 7) ....................................................................10

          a.  There is Minimal Possibility of Dispute Concerning Material Facts .....10

          b.  There is No Evidence that Default Was Due to Excusable
             Neglect.......................................................................................10

          c.  Jönicke will suffer Prejudice if Default Judgment is Not Entered..........11

          d.  Policy Favoring Decision on the Merits Does Not Warrant
             Denying Default Judgment........................................................11

          e.  Sum of Money at Stake ...........................................................12

    D. Remedies and Damages..................................................................12

       1.  Permanent Injunction.................................................................12

       2.  Damages and Post-Judgment Interest........................................12

       3.  Actual Damages for First Infringement.....................................13

       4.  Statutory Damages for Second Infringement .............................13

IV. CONCLUSION.......................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Blehm v. Jacobs*,
  702 F.3d 1193 (10th Cir. 2012) ...................................................................9

*Danning v. Lavine*,
  572 F.2d 1386 (9th Cir. 1978) ....................................................................8

*Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l*,
  115 F.3d 767 (10th Cir. 1997) ....................................................................6

*DirecTV, Inc. v. Hoa Huynh*,
  503 F.3d 847 (9th Cir. 2007) ......................................................................8

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ....................................................................................8

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
  344 U.S. 228 (1952) ..................................................................................14

*Garden City Boxing Club, Inc. v. Aranda*,
  384 F. App'x (9th Cir. June 21, 2010) .........................................................7

*Gates Rubber Co. v. Bando Chem. Indus., Ltd.*,
  9 F.3d 823 (10th Cir. 1993) ........................................................................9

*Geddes v. United Fin. Grp.*,
  559 F.2d 557 (9th Cir. 1977) ......................................................................7

*Halsey v. Colonial Asset Mgmt.*,
  No. 5:13-cv-02025 (C.D. Cal. July 17, 2014) ...........................................11

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*,
  82 F.3d 1533 (10th Cir. 1996) ..................................................................12

*Jacobsen v. Deseret Book Co.*,
  287 F.3d 936 (10th Cir. 2002) ....................................................................9

*Jackson v. Sturkie*,
  225 F. Supp. 2d 1096 (N.D. Cal. 2003) ....................................................13

*La Resolana Architects v. Clay Realtors Angel Fire*,

    416 F.3d 1195 (10th Cir. 2005) ................................................................9

*Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*,

    658 F.Supp. 458 (E.D. Pa. 1987) ............................................................14

*PepsiCo, Inc. v. Cal. Sec. Cans*,

    238 F. Supp. 2d (C.D. Cal. 2002) ..............................................7, 11, 12

*Philip Morris, USA, Inc. v. Castworld Prods, Inc.*,

    219 F.R.D. 494 (C.D. Cal. 2003) ..............................................................8

*Rare Bluse Music, Inc. v. Guttadauro*,

    616 F.Supp. 1528 (D. Mass. 1985) ........................................................14

*Schiffer Publ'g, Ltd. v. Chronicle Books*, LLC

    (E.D. Pa. Jan. 11, 2005) ........................................................................14

*Sony Music Entertainment v. Cassette Production, Inc.*

    (D.N.J., Sept. 30, 1996) ........................................................................13

*Street Talk Tunes v. Vacaville Recreation Corp.*,

    (E.D. Cal. 2006) ....................................................................................16

*TeleVideo Systems, Inc. v. Heidenthal*,

    826 F.2d 915 (9th Cir. 1987) ..........................................................7, 10

*Warner Bros. Enter. v. Caridi*,

    346 F. Supp. 2d 1068 (C.D. Cal. 2004) ................................................15


**S**TATUTES AND **O**THER **A**UTHORITIES

17 U.S.C. § 106 ....................................................................................8, 16

17 U.S.C. § 401(c) ........................................................................................9

17 U.S.C. § 411(a) ........................................................................................9

17 U.S.C. § 501 ............................................................................................8

17 U.S.C. § 502 ......................................................................................1, 12

17 U.S.C. § 504(b) ................................................................................13, 16

iv

17 U.S.C. § 504(c)(2) ...................................................................................16

17 U.S.C. § 505 ............................................................................................13

17 U.S.C. § 1202(c)(3)(B) ...................................................................5, 10, 11

Fed. R. Civ. P. Rules 55(b) .....................................................................5, 7, 8

Plaintiff, JONAS JÖDICKE ("Jödicke" or "Plaintiff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion for the Court to enter final judgment by default against Defendant AARON CARTER ("Carter" or "Defendant") pursuant to Fed. R. Civ. P. Rules 55(b) and 58(d); award Plaintiff an injunction against Carter in accordance with 17 U.S.C. § 502; award Plaintiff $205,875.00 in damages; and, award his counsel $25,712.50 for their fees and $980 for their costs for a total of $26,692.50.

## I.   <u>STATEMENT OF FACTS</u>

Defendant Aaron Carter is a singer and television personality who sells a line of clothing, including hooded sweatshirts.

Plaintiff Jonas Jödicke, aka JoJoesArt, is a 25-year-old digital artist. Jödicke creates illustrations of fantastic worlds and animals. Jödicke has more than 278,000 followers on Instagram and close to 500,000 combined followers on his social media platforms. Jödicke's illustrations and paintings are known for their portrayal of majestic animals and magical sceneries, mixed with bold colors and spiritual themes. Jödicke's illustrations have been purchased by patrons throughout the world and have been featured in numerous websites, magazines, and book covers. [Jödicke Decl. ¶¶ 2-3].

Since 2015, Jödicke has sold signed prints, among other items, through his own online store, where he amassed more than 2,400 sales and more than 400 reviews with an average score of 5/5 stars. Jödicke also works with a range of companies that sell his work on different products, such as Diamond Painting kits, metal prints, puzzles, blankets, bedding sets and more. A selection of Jödicke's clients include: Ravensburger, Walmart, Adobe, Winsor&Newton, Chameleon Art Products, Daniel Wellington, Skillshare, Displate, The Mountain, Diamond Art Club, Electrothreads, etc. [Jödicke Decl. ¶¶ 2-3].

In 2001, Jödicke created Copyrighted Illustration, attached as EXHIBIT 1 to the Complaint. *See* ECF No. 1.  Copyrighted Illustration is original and created by Jödicke. [Jödicke Decl. ¶ 4]. Copyrighted Illustration is protected by copyright. [Jödicke Decl. ¶ 10]. Jödicke registered Copyrighted Illustration with the Register of Copyrights on February 26, 2020 and was assigned the registration number VA 1-775-610. [Compl. Ex. 8].

Defendant posted Plaintiff's Copyright Illustration on two occasions on Defendant's twitter account while promoting the sale of Defendant's hooded sweatshirts

2



Complaint, ¶¶ 10-11, 16, Exhibit 4.

Carter has 620,000 Twitter followers. Complaint ¶ 12.

When Plaintiff politely asked Defendant to stop using his Copyright Illustration, Defendant publicly insulted Plaintiff on Defendant's twitter account calling Plaintiff a "dick" and "Fuckery":



**Aaroncarter** ☑ @aaroncarter · 23m        ∨

you should've taken it as a compliment
dick a fan of MINE sent this to me. oh
here they go again, the answer is No this
image has been made public and im
using it to promote my clothing line
aaroncarter.com guess I'll see you in
small claims court FUCKERY

🐢 **Jonas Jödicke** @JoJoes… · 25m

Hey @aaroncarter .. You are using
my artwork to promote your
merchandise. I have not given you
permission to do so. My art is being
commercially exploited by people o…

Show this thread

Complaint, ¶ 14, Exhibit 7.

Defendant also admitted to using Plaintiff's work for an improper purpose, *i.e.*
the commercial purpose of marketing Defendant's clothing line.  *Id.* ("im using it to
promote my clothing line aaroncarter.com guess I'll see you in small claims court
FUCKERY").

Copyrighted Illustration created by Jödicke was labor intensive, marketable,
high-quality, and expensive to produce.

## II.   <u>PROCEDURAL HISTORY</u>

Jödicke filed a Complaint for Copyright Infringement on August 31, 2020 against Carter [ECF No. 1] after Jödicke became aware of Carter's copying and displaying of Copyrighted Illustration without proper license or permission.

On September 3, 2020, Jödicke served Carter with a Summons and a copy of the Complaint by personal service. [ECF No. 10]. The time allowed for Carter to respond has expired and the Court has not granted Carter an extension of time to respond to the Complaint. Carter has failed to answer or otherwise respond to the Complaint, or serve a copy of any Answer or other response upon Jödicke's attorneys of record.

The Clerk of the Court entered a default against Carter on October 7, 2020. [ECF No. 13].

Jödicke seeks statutory damages and actual damages, as defined in 17 U.S.C. § 504 and § 1202. This Court ordered Jödicke to move for default judgment by November 7, 2020. [ECF No. 14].

Jödicke now moves for a default judgment against Carter pursuant to Fed. R. Civ. P. 55(b).

## III.   ARGUMENT

### A. Jurisdiction, Venue, and Service

The Court has jurisdiction over this matter because the action arises out of alleged violations of the Copyright Act and the Trademark Act, each of which are federal statutes. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter of this litigation.

"[P]laintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l.*, 115 F.3d at 773.

Personal jurisdiction over Defendant is proper in the Central District of California because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

Venue is proper in a federal-question case in the judicial district where the defendant resides. 28 U.S.C. § 1391(b). Carter resides in Lancaster which is in Los Angeles County. Accordingly, Carter was subject to personal jurisdiction in the Central District of California at the time this action was commenced, and therefore venue is proper in this district.

On September 8, 2020, Jödicke filed a Proof of Service demonstrating Carter was personally served with a copy of the Complaint and Summons in this case. [ECF No. 10]. Jödicke subsequently obtained Entry of Default from the Clerk of Court, and filed the present Motion seeking default judgment against Carter, as outlined above.

**B. Default Judgment is Warranted Against Carter**

When deciding whether to grant default judgment, the Ninth Circuit considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). These factors are commonly referred to (and are referred to herein) as the *Eitel* factors.

Upon entry of default, the well-pleaded factual allegations of a complaint are deemed true; however, allegations pertaining to the amount of damages must be proven. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); see also *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). While a plaintiff is required to provide evidence of his or her damages and a court may rely on a declaration submitted by the plaintiff. Fed. R. Civ. P. 55(b)(2); see also *Garden City Boxing Club, Inc. v. Aranda*, 384 F. App'x 688, 689 (9th Cir. June 21, 2010) ("[T]he court was not required to conduct an evidentiary hearing to ascertain damages . . . The record shows that no such hearing was necessary because plaintiff submitted lost profits and other evidence from the illegal broadcast to allow the district court to calculate damages within the applicable statutory limits.") (internal citation omitted).

"In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d at 1177 (C.D. Cal. 2002). As detailed below, each *Eitel* factor weighs in favor of granting Jödicke's Motion for Default Judgment against Carter. Further, Jödicke meets the procedural

requirements by Fed. R. Civ. P. 55(b) and the Local Rules of the Court. See Fed. R. Civ. P. 55(b)(2); L.R. 55-1; Deal Decl. ¶¶ 4-5 (setting forth information required by L.R. 55-1); Deal Decl. Ex. 1 (Status report pursuant to Servicemembers Civil Relief Act).

## C.  *Eitel* Factors

### 1. All Causes of Action in the Complaint have Substantive Merit and Are Sufficiently Alleged (*Eitel* Factors 1 and 2)

The first two *Eitel* factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings. These factors require that a plaintiff "state a claim upon which it may recover." *Philip Morris, USA, Inc. v. Castworld Prods, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *see also Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978). In considering a motion for default judgment, "'well-pleaded factual allegations' are accepted as true, except for allegations relating to damages." *Sky Billiards, Inc. v. Loong Star, Inc.*, Case No. 14-cv-921 JGB, 2016 WL 6661175, at *3 (C.D. Cal. Mar. 17, 2016) (quoting *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). As detailed below, Jödicke has adequately pleaded his claims against Carter.

### a.  Carter Violated the Copyright Act, 17 U.S.C. § 501

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]. . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's

copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340 (1991).

### b. __Jödicke Owns a Valid Copyright for the Work__

Jödicke's Copyrighted Illustration is an original and expressive pictorial, graphic, and sculptural works that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). "Under § 410(c), the certificate is prima facie evidence of the validity of the copyright." *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203, (10th Cir. 2005). Jödicke registered Copyrighted Illustration pursuant to 17 U.S.C. § 411(a) and was issued a Certificate of Registration, Registration Number VA 2-196-134, as of March 20, 2020. [Compl. Ex. 8]. The certificate was registered within five years of first publication of the Works therefore Jödicke is entitled to the presumption of validity of the copyright for the Works and all facts stated in the copyright certificate under 17 U.S.C. § 401(c).

### c. __Carter Copied the Work__

The copying element of an infringement claim has two components. *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012) *citing Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work "as a factual matter." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993). Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 942-43 (10th Cir. 2002).

Here, Jödicke has produced documents showing Carter's copying [Compl. Exs. 4-6]. There is no factual or subjective issue of "substantial similarity" here, because the Copyrighted Illustration in question is a whole illustration and the copies made by Carter were exact copies and the entire image was taken. The only change made by

Carter was to convert the original color illustration into a black and white version [Compl. Exs. 4-6].

### d.  Carter Violated the Copyright Act, 17 U.S.C. § 1202

17 U.S.C. § 1202(b) provides in part: "No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information." The definition of "copyright management information" under section 1202(c) includes "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2).

Carter removed the CMI in violation of 17 U.S.C. § 1202 by displaying the image on his Twitter feed on both occasions as alleged in the Complaint in a way that omitted Jödicke's ownership watermark. (Compl. ¶ 28.)

### 2. The Remaining *Eitel* Factors Support Entry of Default Judgment

### a. There is Minimal Possibility of Dispute Concerning Material Facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Here, Plaintiff filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the Clerk of the Court entered default against the Defendant. No dispute has been raised regarding the material facts in the complaint, and the likelihood that any genuine issue may exist is, at best, remote. See *Sky Billiards, Inc.*, 2016 WL6661175, at *5 (defendants' failure to respond "supports the conclusion that the possibility of a dispute as to the material facts is minimal").

### b. There is No Evidence that Default Was Due to Excusable Neglect

Defendants' failure to respond to the Complaint is not the result of "excusable neglect." Jödicke has properly prosecuted this case since its inception, while Carter has failed to answer, plead or defend in this action. Carter was properly served with the Summons, and the Complaint, by a process server on September 3, 2020 [ECF No.

10]. Defendants' answers to the Complaint were due on September 24, 2020. [ECF No. 10]. The Clerk entered default against Carter on October 7, 2020. [ECF No. 13]. In light of these facts, there is nothing to indicate that Carter's failure to plead or respond to the Complaint is due to excusable neglect. See *Halsey v. Colonial Asset Mgmt.*, No. 5:13-cv-02025, 2014 WL 12601015, at *2 (C.D. Cal. July 17, 2014).

### c. Jödicke will suffer Prejudice if Default Judgment is Not Entered

Jödicke is the author and copyright holder of Copyrighted Illustration. Jödicke is a commercial artist. Jödicke's copyright was infringed by Carter. Jödicke has specific remedies available to him as a copyright holder of Copyrighted Illustration, including actual and statutory damages per 17 U.S.C. §§ 504, 1202. If default judgment is not entered in this case, Carter will be free to infringe Jödicke's copyrighted work, including Copyrighted Illustration, without consequence or punishment.

### d. Policy Favoring Decision on the Merits Does Not Warrant Denying Default Judgment

Although the Federal Rules and public policy favor a decision on the merits, "[d]efendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)

Carter's refusal to answer Jödicke's claims makes it particularly unlikely that this case can be decided on the merits. *See Garcia v. Fidelity Mortgage Company*, No. C 05-05144 MHP, 2009 WL 1246921, at *4 (N.D. Cal. May 5, 2009) (granting default judgment against defendant whose "absence throughout these proceedings makes it unlikely that the case against him can be decided on its merits"). Accordingly, because Jödicke has sufficiently pleaded facts supporting its claims, the policy favoring decisions of cases on their merits does not warrant denying default judgment in this instance.

e. **Sum of Money at Stake**

Finally, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (C.D. Cal. 2002). Here, the amount of money at stake does not warrant denying default judgment. Carter's egregious and willful conduct constitute significant violations of integrity of the Copyright Act. The relief Jödicke seeks is reasonable and specifically authorized by the Copyright Act.

**D.    Remedies and Damages**

**1.    Permanent Injunction**

"Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A copyright holder that establishes past infringement and a substantial likelihood of infringement in the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a). *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc*., 82 F.3d 1533, 1555, (10th Cir. 1996). Here, past infringement is uncontested by default. [ECF No. 13]. Additionally, Carter's conduct was not accidental. Carter twice engaged in egregious and systematic violations of the Copyright Act, despite being provided following clear information that Copyrighted Illustration was the intellectual property of Jödicke. Further, Carter has expressed admitted to using the copyright protected work for improper purposes, which also insulting the creator and copyright holder – Plaintiff Jödicke.  Complaint, ¶ 14, Exhibit 7.  ("im using it to promote my clothing line aaroncarter.com guess I'll see you in small claims court FUCKERY").

### 2. **Damages and Post-Judgment Interest**

Carter infringed on Jödicke's copyright in Copyrighted Illustration on two occasions. The first infringement took place on January 17, 2020 when Carter copied and posted Copyrighted Illustration to Carter's Twitter feed. [Compl. Ex. 4]. The Copyrighted Illustration had not been registered on the date of the first infringement. Therefore, Jödicke is limited to recovering actual damages per 17 U.S.C. § 504(b) for the first infringement.

The second infringement took place on March 20, 2020 when Carter copied and posted Copyrighted Illustration to Carter's Twitter feed. [Compl. Ex. 9]. Copyrighted Illustration was registered on March 20, 2020 on the date of the second infringement. Therefore, Jödicke elects to recover statutory damages and costs per 17 U.S.C. §§ 504(c) and 505 for the second infringement.

### 5. **Actual Damages for First Infringement**

Jödicke has previously licensed his work under similar terms to Carter's first infringing use ("ContextLogic License"). [Jödicke Decl., Ex. 1]. The license fee in ContextLogic License is 5,000.00 Euro or $5,875.00 for use of Jödicke's work in a promotional video. Although the use made by Carter is not an exact match to the use under proper license by ContextLogic, it is similar enough that this Court may use ContextLogic License as a reliable basis for revenue lost by Jödicke as a result of Carter's first infringement.

### 6. **Statutory Damages for Second Infringement**

Jödicke is seeking statutory damages for the second infringement. Copyright infringement may be considered willful when a Defendant defaults and decides not to defend against the action. See *Sony Music Entertainment v. Cassette Production, Inc.*, 1996 WL 673158, at *5 (D.N.J., Sept. 30, 1996). Statutory damages are particularly appropriate in a case in which a defendant has failed to mount any defense or to

participate in discovery. *Jackson v. Sturkie*, 225 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages. 17 U.S.C. § 504(a)(2). An award of statutory damages may be recovered between $750.00 and $150,000.00 for each infringement "as the court considers just." Id. § 504(c)(1). Statutory damages serve the dual purpose of punishing and deterring the infringer while compensating the copyright holder for the infringement. *Schiffer Publ'g, Ltd. v. Chronicle Books*, LLC, 2005 WL 67077 (E.D. Pa. Jan. 11, 2005).

The court has wide discretion in determining the amount of statutory damages to be awarded within the ranges provided by 17 U.S.C. § 405(c)(1)-(2). *Harris v. Emus Record Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). The court is directed to do "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like. . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's discretion and sense of justice are controlling." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

Four factors control the appropriate amount of statutory damages. The factors are: (1) the infringer's profits and expenses saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully. *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 465 (E.D. Pa. 1987); *Rare Bluse Music, Inc. v. Guttadauro*, 616 F.Supp. 1528, 1530 (D. Mass. 1985).

Jödicke concedes that any profits directly attributable to Carter's infringement would be speculative considering the nature of Carter's business. The second factor supports a statutory damages award well above the statutory minimum. [See Jödicke Decl. Ex. 1]. However, there is no need for "actual evidence" of an infringer's profits

or a plaintiff's losses for maximum statutory damages to be appropriate. *L.A. News Serv. v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cor. 1998).

In this case, based on the date on which Jödicke first posted Copyrighted Illustration and the date on which Carter first began using the Copyrighted Illustration on its website, Carter very likely copied the Copyrighted Illustration directly from Jödicke's Instagram account, www.instagram.com/p/7QnDHxIOVf, which contained specific information stating the illustration was: (1) registered with the U.S. Copyright Office; (2) the intellectual property of Jödicke; and (3) could be properly licensed for advertising purposes. The public's interest in ensuring the integrity of copyrights is quite strong in this case because Carter's conduct is very severe. Higher statutory damages will deter such conduct in the future. *Warner Bros. Enter. v. Caridi*, 346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004). In this case, Carter had direct knowledge Copyrighted Illustration was the intellectual property of Jödicke but chose to disregard the information and post Copyrighted Illustration a second time to Carter's Twitter feed. Carter's response to Jödicke demonstrates Carter's complete disregard for Jödicke copyright in Copyrighted Illustration. Compl. ¶ 14, Ex. 7 ("***im using it to promote my clothing line aaroncarter.com guess I'll see you in small claims court FUCKERY***").

"Where defendants has ignored or disregarded notices of the need for licensing, willful infringement has been found." *Street Talk Tunes v. Vacaville Recreation Corp.*, No. CIV S-05-2401FCDJFM, 2006 WL 2423429, at *2 (E.D. Cal. 2006).

The third and fourth factors fit with the "goal of discouraging wrongful conduct." *Controversy Music v. Shiferaw*, No. C03-5254 MJJ, 2003 WL 22048519, at *2 (citing *Woolworth*, 344 U.S. at 233). An award of statutory damages well in excess of the statutory minimum is appropriate because of Carter's willful conduct and the public interest in protecting and honoring copyrights against infringement.

## **CONCLUSION**

Jödicke's Copyrighted Illustration is protected by copyright. Carter infringed upon Jödicke's copyright by copying and publishing Copyrighted Illustration without Jödicke's permission or authorization. Jödicke is entitled to a final default judgment granting actual damages, maximum statutory damages allowed under 17 U.S.C. § 504(c)(1), maximum statutory damages allowed under 17 U.S.C. § 1203(c)(3)(B), a permanent injunction from continued infringement under § 501, and any further relief the Court finds just and proper.

WHEREFORE, Jödicke respectfully request entry of a final judgment in favor of Jödicke in a separate document to be entered in the civil docket.

Jödicke prays for a judgment that:

a. Carter and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with him, permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 106, and;

b. Carter pay Jödicke actual damages per 17 U.S.C. § 504(b) of **$5,875.00**.

c. Carter pay Jödicke statutory damages per 17 U.S.C. § 504(c)(2) of **$150,000.00**.

d. Carter pay Jödicke statutory damages per 17 U.S.C. § 1203 of **$50,000.00**.

e. Carter pay Jödicke's costs of **$980.00**, which includes the filing fee of **$400.00** [ECF No. 1]; **$80.00** for the cost of properly serving Carter. [ECF No. 10]; and **$500** for the pro hac vice application fee for counsel David Deal.

Carter pay Jödicke's counsel $25,712.50 for their fees and $980 for their costs for a total of $26,692.50.

16

Respectfully submitted,

Dated:      November 6, 2020      **REESE LLP**
*/s/ Michael R. Reese*
Michael R. Reese (Cal. State Bar No. 206773)
100 West 93rd Street, 16th Floor
New York, New York
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

- and -

David C. Deal (admitted *pro hac vice*)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
Telephone: (434) 233-2727
Email: *david@daviddeal.com*

*Counsel for Plaintiff*