Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310)773-3623
Email: Larry@ZernerLaw.com

Attorneys for Defendant Aaron Carter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS JODICKE ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AARON CARTER ) <br> ) <br> Defendant ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 20-CV-7946-DMG-MRW <br><br> DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT |

## I.   DEFENDANT IS ENTITLED TO CHALLENGE PLAINTIFF'S CLAIM FOR DAMAGES ON A MOTION FOR DEFAULT JUDGMENT[1]

Defendant understands that on a motion for default judgment all of the factual allegations in the complaint are taken as true, however, this is not the case for factual allegations regarding Plaintiff's damages. *Geddes v. United Fin. Grp.,* 559

---

[1] Defendant apologizes for the last minute filing of this brief. Plaintiff did not serve Mr. Carter with the Motion for Default Judgment until Friday, December 4, 2020 and counsel was retained yesterday (December 8, 2020). Defendant intends to file a motion for relief from the default but because of the short amount of time, Defendant will only address the issue of damages in this brief.

1

F.2d 557, 560 (9th Cir. 1977) (See, also *Neman Bros. & Assoc., Inc. v. Zulily*, LLC, No. CV174465DMGAGRX, 2018 WL 6321655, at *1 (C.D. Cal. 2018) (Judge Gee).

In Plaintiff's motion for default judgement, he asks the court to award $150,000 in statutory damages for copyright infringement as well as attorney's fees, despite the fact that the alleged infringement commenced prior to him securing copyright registration. Therefore, he is not entitled to neither statutory damages nor attorney's fees. Further, Plaintiff's attorneys appear to have filed false declarations regarding their time spent on the case and their hourly rate.

## II.   PLAINTIFF'S ARE NOT ENTITLED TO STATUTORY DAMAGES AS A MATTER OF LAW

In their motion for default judgment, Plaintiff makes the rather amazing claim that he is entitled to both actual damages *and* statutory damages for the same offense, Carter's posting of his drawing on Twitter. This argument is unfounded because Section 412 of the Copyright Act mandates that in order to recover statutory damages (and attorney's fees), the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work. *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008).

In the present case, Plaintiff concedes that he did not register the drawing before the infringement commenced. See, Motion for Default Judgment p.13:4-7. However, Plaintiff argues that because Carter posted the image a second time *after* he secured registration, he is entitled to statutory damages for this alleged second infringement. Plaintiff cites no case law to support this position, because none exists. In fact, William Patry stated, "This is an argument deserving of Rule 11 sanctions." 6 Patry on Copyright § 22:201. In the *Derek Andrew* case, *infra,* the 9th

Circuit held that, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew* at 701. As we have two infringement of the exact same kind at issue in this case (namely, using Plaintiff's drawing in a tweet), there is no question that this case involves a "series of ongoing infringement of the same kind."

In *Derek Andrew*, the Defendant was a store that sold clothing that used hang tags that infringed Plaintiff's copyright. Some of the sales occurred before Plaintiff had secured copyright registration and they continued after Plaintiff obtained a registration. *Id.* at 699-700. At trial, Plaintiff obtained a default judgement against Defendant which included $15,000 in statutory damages because Defendant distributed clothing bearing the infringing hangtags after the copyright registration date. *Id.* at 699.

On appeal, the Court overturned the award of statutory damages finding that the plain meaning of the statute indicates that statutory damages are not allowed under these circumstances. *Id.* at 700. "The plain language of the statute does not reveal that Congress intended to distinguish between pre and post-registration infringements." (quoting *Mason v. Montgomery Data, Inc.*, 741 F.Supp. 1282, 1286 (S.D.Tex.1990).

"Every court to consider the issue has held that "infringement 'commences' for the purposes of §412 when the first act in a series of acts constituting continuing infringement occurs." *Johnson*, 149 F.3d at 506; accord *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.,* 609 F.Supp. 1325, 1331 (E.D.Pa.1985) ("Interpreting 'commencement of infringement' as the time when the first act of infringement in a series of on-going discrete infringements occurs ... would best promote the early registration of a copyright."). Indeed, if the incentive structure of

§ 412 is to be properly applied, Andrew, having waited nearly two years from the date of first publication to register its copyright, should not receive the reward of statutory damages. . . Accordingly, we join those circuits that addressed the issue before us and hold that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412. This interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights." *Derek Andrew* at 700-01.

In the present case, Plaintiff waited over 4 years to file for copyright registration (see Exhibit 8 to Complaint showing a Date of 1st Publication of 9/5/2015 and a copyright registration date of 2/26/20). Plaintiff is similarly not entitled to statutory damages.

It should be noted that in *Premier Tracks, LLC v. Fox Broad. Co.,* No. 12CV01615DMGPJWX, 2012 WL 13012714 (C.D. Cal. Dec. 18, 2012), your honor cited *Derek Andrew* approvingly in granting Fox's motion to dismiss Premiere Tracks' claim for attorney's fees and statutory damages on the grounds that the infringement had commenced prior to the infringement.  If Defendant is relieved of his default and makes a similar motion, there is no doubt that it will be granted as well.  Because Plaintiff did not register the drawing prior to the commencement of the infringement, he is not entitled to statutory damages or attorney's fees.

### III.   PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES IS GROSSLY OVERSTATED AND APPEARS TO BE BASED ON PERJURIOUS TESTIMONY

As discussed above, because Plaintiff did not register the drawing with the copyright office prior the commencement of the infringement, he is not entitled to attorney's fees. 17 U.S.C. §412.

Nevertheless, in the event that the court decides to award Plaintiff his reasonable attorney's fees, Plaintiff's three attorneys filed declarations which appear to greatly inflate their normal billing rate as well as the time spent on the case.. Michael Reese filed a declaration stating that his normal hourly rate for services is $950 an hour and that George Granade (who's experience is not listed) bills at $850 per hour. This is despite the fact that neither of these lawyers appear to have any expertise in copyright law and their website does not even list copyright as a type of case that their firm regularly handles. Nor does Mr. Reese's declaration break down how his time or Mr. Granade's time was spent on the case or why a case which solely involved the filing of a complaint and a motion for default judgment took 3 attorneys a total of 31.25 hours.

Mr. Reese states that his fees have received court approval and cites to *Lashambae v. Capital One Bank,* case no. 17-cv-06406-VMS (E.D.N.Y.). Reese Decl. ¶4. Mr. Reese does not cite to a document in the record but a review of the PACER records show that this is a class action lawsuit in New York against a bank. There is nothing to indicate that the fees for such a case would be comparable to a copyright infringement case involving one drawing. Nor does Mr. Reese declare that $950 per hour was the rate that he was charging Mr. Jodicke for his services (because it certainly was not).

Mr. Deal's declaration is more troubling. He states that he spent 18 hours working on this case (again without giving any breakdown as to what he actually did) and states that his hourly rate is $750 an hour although his office is in a small town (Crozet, Virginia. Population ≈ 6500) and he has only been litigating since 2015. Deal Decl. ¶11. Furthermore, in two declaration filed in conjunction with copyright cases Mr. Deal filed in Virginia, Mr. Deal stated under penalty of perjury that his fee was $200 per hour (in 2017) and $250 per hour (in 2018). See Exhibits

to the declaration of Larry Zerner. It is impossible to believe that Mr. Deal's normal billing rate has gone from $250 an hour in 2018 to $750 an hour in 2020.

Accordingly, it appears that Plaintiff's attorney have grossly inflated both their normal fee and the time spent on this case.  Although Defendant believes that Plaintiff is not entitled to *any* attorney's fees for the reasons stated above, in the event that the court does decide to award attorney's fees, the fact that these attorney's appear to have lied about both their billing rate and the time spent on this case should mitigate against any attorney's fees being awarded.

## IV.   CONCLUSION

This is a very small copyright infringement case involving a drawing that was shared on Twitter.  Plaintiff's best case is that he suffered only about $5875 in damages.  There is nothing in the record that would indicate that this case is worth more than that.

Respectfully submitted.

Dated: December 9, 2020                    Law Office of Larry Zerner

By: /s/ Larry Zerner
Larry Zerner
Attorney for Defendant Aaron Carter