Michael R. Reese (California State Bar No. 206773)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272
*mreese@reesellp.com*

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272


David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
Telephone: (434) 233-2727
Email: *david@daviddeal.com*

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS JÖDICKE, | Case No.: 20-cv-7946-DMG-MRW |
| Plaintiff, | |
| v. | PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| AARON CARTER, | |
| Defendant. | |

Plaintiff Jonas Jödicke ("Plaintiff") respectfully submits the following reply in response to Defendant's opposition.

**REPLY**

In opposing Plaintiff's Motion for Default Judgment, Defendant makes arguments that are not supported by the evidence, are irrelevant, and/or include misstatements or omissions of facts. Therefore, default judgment should be granted for Plaintiff in this case.

Defendants' arguments break down to the following: (1) that Plaintiff is not entitled to statutory damages for copyright infringement or attorney's fees; and (2) Plaintiff's counsel are not entitled to their fees and costs for their time spent on this case.

Both arguments are wrong. Defendant, after mocking Plaintiff and the judicial system and blatantly ignoring this case until the eleventh hour, has made assertions that are both legally incorrect and which run directly counter to statements made by Defendant himself.

Defendant incorrectly argues that there is one date of infringement, not two, and therefore Plaintiff is not eligible at all for either statutory damages or attorney's fees. Defendant blatantly omits the fact that Plaintiff, whether this Court determines whether he is eligible for statutory damages and attorney's fees under 17 U.S.C. § 504, is clearly eligible for statutory damages and attorney's fees under both 17 U.S.C. § 505 and 17 U.S.C. § 1203.

**I.      Plaintiff is Entitled to Statutory Damages Under 17 U.S.C. § 504**

To start, Defendant falsely states the law regarding timely registration and corresponding statutory damages. In addition to the requirement that a copyrighted work must be registered prior to the date of infringement, or the date of registration is within three months of first publication, a copyright holder may also recover statutory damages if the date of registration is within one month of the date of infringement. 17 U.S.C. § 412.

Additionally, Defendant has made clear statements concerning the circumstances of his unauthorized copying of Plaintiff's copyrighted illustration at issue in this case ("Copyrighted Illustration"). On January 18, 2020, Defendant stated, "you should've taken it as a compliment dick *a fan of MINE sent this to me….[I']m using it to promote my clothing line…guess I'll see you in small claims court FUCKERY*" (emphasis added) [ECF No. 1, Ex. 7]. Then on December 4, 2020, moments after being served with the documents concerning the previously scheduled motion for Plaintiff's Motion for Default Judgment, Defendant stated, "Jonas. Wants to sue me. *Because I found an image on Twitter*." (emphasis added) [https://www.youtube.com/watch?v=vZjeADbg_A4&feature=youtu.be, 0:28-0:35].

Based on Defendant's own statements, Defendant copied Copyrighted Illustration not once but twice: Once after he received a copy of Copyrighted Illustration from a fan; and a second time when he downloaded a copy from Twitter. Defendant's unauthorized uses of Copyrighted Illustration were the result of two distinct incidents of copying. The first incident of copying took place on January 17, 2020. [ECF No. 1, ¶ 10, Ex. 4]. The second incident of copying took place on March 20, 2020. [ECF No. 1, ¶ 16, Ex. 9]. The first incident is subject to actual damages. The second incident is subject to statutory damages based on Plaintiff's timely registration of Copyrighted Illustration. Plaintiff may elect statutory damages for the second incident of infringement because he registered Copyrighted Illustration before the date of the second incident of infringement. Additionally, the date of registration is within one month of the date of the second incident of infringement.

## II. Plaintiff is Entitled to Statutory Damages Under 17 U.S.C. § 1202

Defendant twice copied Copyrighted Illustration, and twice removed Plaintiff's copyright management information from Copyrighted Illustration before posting Copyrighted Illustration to Defendant's Twitter feed. [ECF No. 1, Exs. 3-4, 9]. 17 U.S.C. § 1203 permits this Court to award up to $25,000.00 in statutory damages per incident. 17 U.S.C. § 120(c)(3)(B). 17 U.S.C. § 1203 also permits this Court to award attorney's fees for violations of this statute. 17 U.S.C. § 1203(b)(5). Given Defendants

1  initial and now continuous disregard for Plaintiff's copyright (see entire video,
2  https://www.youtube.com/watch?v=vZjeADbg_A4&feature=youtube, recorded by
3  Defendant on December 4, 2020)
4  (https://twitter.com/wickedsister_2/status/1337657009882210304?s=21, recorded by
5  Defendant on December 11, 2020)(video of Defendant Carter posting Plaintiff's
6  Copyrighted Illustration on twitter and stating about Plaintiff: "*remember that*
7  *fucker…I whooped his ass in fucking court…your ass is mine bro*").
8       As a result, Plaintiff has requested maximum statutory damages in his Motion
9  for Default Judgment due to Respondent's complete disregard for Plaintiff's copyright
10 and the law. [ECF No. 17].
11   **III.   Plaintiff is Entitled to Attorney's Fees and Costs Under 17 U.S.C. § 505**
12       If this Court determines Plaintiff is the prevailing party in this case, it may
13 award reasonable attorney's fees and costs. 17 U.S.C. § 505. Defendant's assertion
14 that Plaintiff's counsel is not entitled to attorney's fees under 17 U.S.C. § 412 is false.
15 Plaintiff's request for statutory damages and attorney's fees based on the facts of the
16 second infringement, which occurred on March 20, 2020, within one month of the
17 registration date of Copyrighted Illustration, February 26, 2020.
18   **IV.   Plaintiff's Request for Attorney's Fees is Reasonable and Supported by**
19         **Work Required In this Matter**
20       Plaintiff had no option to enforce his copyright but to file the Complaint in this
21 case. Despite notifying Defendant that his unauthorized use of Copyrighted
22 Illustration was not permitted, then making numerous attempts to engage Defendant in
23 substantive negotiations about a potential resolution to the dispute, Defendant chose to
24 ignore Plaintiff's claims while ridiculing the legal process. Defendant was properly
25 served with copies of the Complaint and Summons in this case. Defendant was
26 properly served with copies of Plaintiff's Motion for Default Judgment. After Plaintiff
27 has been forced to expend significant time, effort, and financial resources prosecuting
28 this case, Defendant made the case at the eleventh-hour that Plaintiff's financial
   expenditures are somehow not appropriate. The numerous federal statutes that permit

the award of attorney's fees has been made above. Given the range of options in awarding attorney's fees, as well as the Defendant's deplorable actions in this case, the Court should award Plaintiff his request for attorney's fees in full.

## CONCLUSION

Considering the Defendant's actions in this case, and for the reasons stated above and in Plaintiff's opening brief, the Court should grant Plaintiff' Motion for Default Judgment along with his full request for damages and attorney's fees.

Respectfully submitted,

Dated:     December 15, 2020         **REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

- and -

David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
Telephone: (434) 233-2727
Email: *david@daviddeal.com*

*Counsel for Plaintiff*

<u>Certificate of Service</u>

    I, Michael R. Reese, do hereby certify that I served counsel for Defendant by filing Plaintiff's Reply on the Court's CM/ECF system, which automatically provided a copy to Defendant's counsel via an email link.

Dated:  December 15, 2020            */s/ Michael R. Reese*
                                             Michael R. Reese